UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KAYE WILLE, on her own and on behalf
of all other individuals similarly situated,

    Plaintiff,

vs.

NEGOTIATION TECHNOLOGIES, LLC
dba PITBULLTAX INSTITUTE ,

    Defendant.
_____/

**COMPLAINT – CLASS ACTION**

Plaintiff, KAYE WILLE ("Plaintiff"), on her own behalf and on behalf of all others similarly situated, by and through his undersigned counsel, hereby files this Class Action Complaint against Defendant, NEGOTIATION TECHNOLOGIES, LLC dba PITBULLTAX INSTITUTE ("PitbullTax") for denying the hearing impaired equal access to PitbullTax's programs and activities in violation of federal law. Plaintiff states as follows:

**INTRODUCTION**

1. Plaintiff is student and customer of PitbullTax. Plaintiff purchased software from PitbullTax and further enrolled in and attended training/ continuing education courses at PitbullTax's conference offered in South Florida (Plaintiff paid for and attended the in person training due to barriers she experienced with the software program and customer service). She

1

attended the PitbullTax Training offered in Broward County Florida in September 2018. Plaintiff is hearing impaired and substantially limited in the major life activity of hearing.

2. PitbullTax consistently failed to provide Plaintiff with course materials in accessible formats.

3. When appropriate auxiliary aids are provided, content becomes universally available to those with hearing impairment and those without alike.

4. Recognized customary auxiliary aids exist for the presentation of universally designed mainstream audio and digital content.

5. Professional learning centers use a wide array of auxiliary aids are available, such as: qualified interpreters on-site or through video remote interpreting (VRI) services; notetakers; real-time computer-aided transcription services; written materials; exchange of written notes; telephone handset amplifiers; assistive listening devices; assistive listening systems; telephones compatible with hearing aids; closed caption decoders; open and closed captioning, including real-time captioning; voice, text, and video-based telecommunications products and systems, including text telephones (TTYs), videophones, and captioned telephones, or equally effective telecommunications devices; videotext displays; accessible electronic and information technology; or other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing.

6. Although auxiliary aids are designed for universal mainstream accessibility and are commercially available, PitbullTax has failed to provide accessible software or in person training programs. Consequently, PitbullTax has prevented Plaintiff from obtaining the goods and services she paid for.

2

7. Like a public accommodation that decides to create unneeded entrance steps without ramps, accessibility problems arise when a software and training company makes, as PitbullTax has, procurement decisions about audio content without considering whether students with disabilities will have integrated access to the content. PitbullTax compounds that failure by not converting inaccessible content to accessible content by providing auxiliary aids so those students can have access to the same content at the same time as their nondisabled peers.

8. PitbullTax's failure to provide Plaintiff an equal opportunity to access the online and digital content, and participate in conference learning and activities has prevented her, in each instance, from obtaining the goods, services and training she has paid for and instead reflects only the learning barriers PitbullTax erected. PitbullTax's failure to afford Plaintiff an equal opportunity to compete at a level commensurate with her capabilities has caused her (1) to expand software and tuition, fees, and other related expenses in exchange for an educational experience inferior to that which PitbullTax has offered her peers without hearing impairment, and (2) severe emotional distress. Moreover, by impairing her opportunity to learn the skills necessary to perform her job that she has paid and continues to pay for, PitbullTax has caused Plaintiff irreparable harm.

9. Plaintiff relied on PitbullTax's assurances of equal access and has upheld her end of the bargain by purchasing the software, enrolling in training, paying tuition and travel expenses for training conferences, and working to the best of her abilities. PitbullTax, far from providing an equal opportunity to access educational benefits, has offered Plaintiff, and other hearing impaired students an experience of unfair disadvantage and an unequal educational experience.

10. Defendant's denial of full and equal access to its software and training programs, and therefore denial of its products and services offered thereby, and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act (hereinafter "ADA") as well as other hearing-mpaired consumers' rights under the ADA.

11. Because Defendant's software and training program are not fully, equally or independently accessible to hearing-impaired consumers in violation of the ADA, this complaint seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's services, products and trainings will become and remain accessible to Plaintiff and the proposed Class of consumers (the "Class Members") who are hearing-impaired. This complaint also seeks compensatory damages to compensate the Class Members for having been subjected to unlawful discrimination. Such unlawful discrimination is on-going.

## JURISDICTION AND VENUE

12. This Honorable Court has original jurisdiction under 28 U.S.C. § 1331 and § 343 for Plaintiff's claims arising out of federal law, 42 U.S.C. § 12182 *et seq*., based on Defendant's violations of Title III of the ADA. See also 28 U.S.C. §§ 2201, 2202, the 2010 ADA Standards, and 28 C.F.R. § 36.201.

13. Venue is proper in this District, pursuant to 28 U.S.C. §1391(b)(2) and S.D. Fla. L.R. 3.1 because Defendant engages in business in this District and a substantial part of the events or omissions giving rise to the claim occurred here including the operation of Defendant's brick and mortar location, in person training conference and home office locations in Broward County, Florida.

## PARTIES

### Kaye Willie, Individually

14. Plaintiff, KAYE WILLIE, is *sui juris* and at all times mentioned herein is a resident of Miami-Dade County in the state of Florida and a hearing impaired individual. As a result of her disability, Plaintiff is substantially limited in her ability to hear. Plaintiff is therefore a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

15. Plaintiff must rely on auxiliary aids to access content that is not readily accessible due to her disability of hearing impairment, especially when the audio content is of a poor or limited quality.

### Other Plaintiffs Similarly Situated Members of Consumers ("Class Members")

16. Other plaintiffs, and consumers, similarly situated to Plaintiff KAYE WILLIE (the "Class Members" or "similarly disable persons") are qualified individuals with disabilities, and as defined by the ADA.

17. Other plaintiffs and consumers are similarly situated to Plaintiff, and are therefore Class Members, by virtue of the fact that they are deaf and/or hearing-impaired and require auxiliary aids to access audio content equally as those without hearing impairment, as described in more detail above, in order to effectively and meaningfully access websites and computer programs and obtain fundamental information used in connection with Defendant's physical location and attend local conferences/training.

18. Other plaintiffs and consumers, Class Members, are likewise unable to effectively and meaningfully access Defendant's software or without the assistance of auxiliary aids.

5

19. Other similarly disabled persons, as Plaintiff, are qualified individuals with disabilities under the ADA. Other similarly disabled persons have experienced Plaintiff's discrimination based on the fact that they are hearing-impaired and require the use of auxiliary aids to access Defendant's programs and access Defendant's products, services, locations, and various other information, which should be accessible.

20. The access barriers have prevented Plaintiff from the benefit of the goods, services and programs she purchased and accepted with the implied understanding she would be able to access them and benefit from them.

21. It is Plaintiff's belief that the violations detailed herein will not be corrected without court intervention, and thus, Plaintiff and the proposed Class Members, who are deaf and hearing impaired will continue to suffer actual harm, and the violations threaten real and imminent injury in the near future.

22. Because Defendants' programs, products and services are not fully and equally accessible to hearing-impaired consumers in violation of the ADA, Plaintiff seeks declaratory and injunctive relief to correct Defendant's corporate policies, practices, and procedures to include measures necessary to ensure compliance with federal law to include monitoring of such measures, to update and remove accessibility barriers so that Plaintiff and the proposed Class Members, who are deaf and hearing impaired, will be able to equally, independently and privately use Defendant's Website. This action seeks compensatory damages to compensate Class Members for being subjected to unlawful discrimination.

**Defendant**

23. Defendant, PitbullTax is a limited liability company, organized under the laws of Florida, with a main office location in Coral Springs, Florida and a process of service address in Fort Lauderdale, Florida.

24. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that caused injury, and violated rights prescribed by the ADA, to Plaintiff and to the proposed Class Members who are deaf and/or hearing impaired. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida. Specifically, Plaintiff purchased Defendant's software and attended an in person training conference (IRS approved continuing education) offered in Broward County in conjunction with its physical locations in Coral Springs, Florida and Fort Lauderdale, Florida.

25. Defendant, PitbullTax, is a software company and a private educational entity organized and existing pursuant to the laws of the State of Florida. Therefore, it is a public accommodation under Title III of the ADA, 42 U.S.C. § 12131, et. seq. https://www.pitbulltax.com website that provides consumers with access to an array of goods and services including tax resolution software and IRS approved required continuing education courses.

**CLASS ACTION ALLEGATIONS**

26. Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2): "All individuals with a qualified disability of hearing impairment in the United States who have

7

attempted to access Defendant's tax software, online resources, audio content and audio presentations and as a result have been denied access to the enjoyment of goods and services offered by PitbullTax, during the relevant statutory period."

27. Plaintiff seeks certification of the following Florida subclass pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and, alternatively, 23(b)(3): "All individuals with a qualified disability of hearing impairment in the State of Florida who have attempted to access Defendant's tax software, online resources, audio content and audio presentations and as a result have been denied access to the enjoyment of goods and services offered by PitbullTax, during the relevant statutory period."

28. Excluded from the Class are Defendant, any of its officers, directors or employees, the presiding judge, and members of their immediate families.

29. There are millions of people in the United States who are deaf or hearing impaired. Thus, the Class is so numerous that the individual joinder of all its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and alleges that the Class includes hundreds of members. Given the number of Class members, the only way to deliver substantial justice to all members of the Class is by means of a single class action.

30. This case arises out of Defendant's policy and practice of maintaining inaccessible software, products and services along with inaccessible conference presentations and materials thereby denying deaf and hearing impaired consumers' access to the goods and services of PitbullTax Institute. Due to Defendant's policy and practice of failing to remove

access barriers, deaf persons and persons with hearing impairment have been and are being denied full and equal access to the services, software and training offered by Defendant through its software, online resources and local conferences provided in conjunction with its physical location.

31.   There are questions of law and fact common to the class, including without limitation, the following:

    a. Whether Defendant, through its services including tax software/audio content, continuing education courses and training conferences, denies the full, equal and independent enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to consumers who are deaf or hearing impaired in violation of the ADA.

32.   Plaintiff's claims are typical of those of the claims of the Class Members. All claims are based on the same legal theories and arise from the same discriminatory conduct.

33.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

34.   Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class Members clearly predominate over questions

affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

35. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

36. References to Plaintiff shall be deemed to include the named Plaintiff and each Class Member, unless otherwise indicated.

## STATEMENT OF FACTS

37. Defendant operates a place of service in Broward County, Florida for students who are interested in tax accounting software, training and IRS approved and required continuing education courses. Plaintiff is a customer of Pitbulltax and was a student at their conference in 2018 for required continuing education and technical training for Defendant's software program.

38. Defendants' online and conference instructions are inaccessible to Plaintiff due to the manner in which the audio content is provided. Defendant has failed to provide the Plaintiff with equally effective communications. Plaintiff purchased the software based on the claims made by Defendant regarding the effectiveness of its products and services for tax professionals.

39. However, she had difficulty due to the lack of auxiliary aids (including a lack of customer support) to assist with the poorly communicated audio materials and presentations.

40. Plaintiff reached out to Defendant regarding same to explain her needs based on her hearing impairment disability.

41. She received no response when she attempted to explain that she needed better support and auxiliary aids to accommodate her hearing-impairment disability due to the poor quality of the audio material and presentations.

42. When she made no progress attempting to obtain assistance by calling Defendant or visiting Defendant's online resources, upon recommendation she purchased an in person training seminar package in an effort to make useful the program she already invested thousands of dollars in.

43. This caused even greater stress and frustration to Plaintiff because the same lack of auxiliary aids and customer support was prevalent at the seminar.

44. Plaintiff provided feedback at the seminar but never received a response from Defendant.

45. Making course materials accessible through the online software and at the continuing education /training conferences is readily achievable for Defendant and could be done for relatively low cost.

46. It became obvious to Plaintiff that she would not be able to benefit from the products, service and training offered by Defendant. This situation put Plaintiff at a great disadvantage, as she was unable to benefit from the audio presentations or in person training unlike every other student that is not hearing impaired.

47. Plaintiff's experience has been humiliating and demoralizing. She has not been given an equal and independent opportunity to learn or obtain the benefits of the goods and services offered by Defendant. The difficulty Plaintiff is experiencing only reflects the discrimination she has suffered.

48. As a result of the barriers PitbullTax has forced on Plaintiff, Plaintiff is emotionally exhausted, angry, and anxious from her efforts with PitbullTax for the right to an equal opportunity to learn and benefit from their goods and services. She is frustrated that her goal of independence and self-reliance is hampered by discrimination based on a disability.

49. As technology and digital content have permeated education, there has been an extraordinary opportunity for students with disabilities to have equal and mainstream access to the same content at the same time as everyone else. Unfortunately, at some companies, like PitbullTax, the failure to insist on accessible technology and content, and the failure of leadership to require instructors and staff to provide accessible materials, presentations and online resources has resulted in greater inequality of access that existed when everything was printed on paper. This failure then requires vastly inferior alternate auxiliary aids and services, such as assistance/notetakers/readers who, under the best of circumstances, produce less effective communications and who, more often, are insufficiently trained and available.

**COUNT I: VIOLATION OF TITLE III OF THE ADA 42 U.S.C. § 12181**

50. Plaintiff incorporates the allegations in the 1 through 49 paragraphs, as if alleged herein.

51. Title III of the ADA, 42 U.S.C. § 12182 (a) provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

52. PitbullTax is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Its learning materials (seminar/CLE instruction, website and printed materials) are goods, services, privileges, advantages of a public accommodation.

53. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, and advantages or accommodations of an entity. (42 U.S.C. § 12182(b)(1)(A)(ii).)

54. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

"[A] failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter that nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

55. The term "Auxiliary Aids and Services" pursuant to 28 C.F.R. § 36.303(c)(1)(ii) includes qualified interpreters on-site or through video remote interpreting ("VRI") services, including but not limited to DeafTalk; notetakers; real-time computer-aided transcription services; written materials; exchange of written notes; telephone handset amplifiers; assistive listening devices; assistive listening systems; telephones compatible with hearing aids; closed caption decoders; open and closed captioning, including real-time captioning; voice, text, and video-based telecommunications products and systems, including text telephones (TTYs),

videophones, and captioned telephones, or equally effective telecommunications devices; videotext displays; accessible electronic and information technology; or other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing.

56. Defendant was required to provide Auxiliary Aids and Services to Plaintiff when Plaintiff contacted Defendant regarding the inaccessibility of their goods and services pursuant to 28 C.F.R. § 36.303.

57. The Defendant has discriminated and continues to discriminate against the Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. § 12182, and 42 U.S.C. § 12101 et seq.

58. Plaintiff would like to enjoy the goods and services offered by Defendant for which she paid thousands of dollars. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide equal access to hearing impaired patrons. Therefore, Plaintiff continues to suffer from discrimination and injury due to the policies and procedures which are in violation of the ADA.

59. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA See 28 CFR §36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

60. The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American

Disabilities Act Standards et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations: refusal to provide Auxiliary Aids and Services to Plaintiff, a deaf individual, as required by 28 C.F.R. § 38.303, failure to provide information on Auxiliary Aids and Services for hearing impaired individuals as required by 28 C.F.R. § 38.303; failure to provide full and equal enjoyment of services, privileges, facilities, advantages and accommodations to a hearing impaired individual.

61. To the best of Plaintiff's belief and knowledge, the Defendant has failed to eliminate the specific violations set forth herein.

62. Although the Defendant is charged with having knowledge of the violations, the Defendant may not have actual knowledge of said violations until this Complaint makes the Defendant aware of same.

63. To date, the violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

64. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. § 36.304, the Defendant was required to make the establishment of a place of public accommodation accessible to persons with disabilities by January 28, 1992. As of current date, the Defendant has failed to comply with this mandate.

65. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action; Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. § 12205.

66. All of the above violations are readily achievable to modify in order to bring the Subject Facility/Subject Property into compliance with the ADA as the modifications can be

easily accomplished and are able to be carried out without much difficulty or expense. 42 U.S.C. § 12182 (b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

67. Upon information and belief, Defendant has the financial resources to make the necessary modifications to its policies and procedures and provide accessible resources and presentations to Plaintiff and others similarly situated.

68. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order requiring Defendant to alter its policies and procedures and to provide auxiliary aids for customers and students with hearing impairment for use with its computer software programs, online programs and continuing education courses/ training conferences.

### COUNT II- BREACH OF IMPLIED-IN-FACT CONTRACT

69. Plaintiff incorporates the allegations in the 1 through 49 paragraphs, as if alleged herein.

70. Plaintiff and Defendant have a contract implied in fact.

71. Defendant offered its products and services to Plaintiff and other tax practitioners.

72. Plaintiff accepted Defendant's offer and paid consideration for the programs and services offered by Defendant (and continues to make required monthly payments).

73. Implied with the offer of Defendant's programs, services and training was the promise that the promise that Defendant's goods and services would be provided in a manner that was equally accessible to Plaintiff and other practitioners. In order to make use of software and educational material, the student or customer must be able to access same. Because Defendant chooses to provide its material via audio content, that content must be of a quality to

16

be equally heard and processed by its customers.

74. Defendant has chosen to provide audio content offered by foreign speakers with strong accents in a format that does not include captioning or other auxiliary aides for aurally delivered information.

75. Defendant's failure to provide access to the training materials for those with vision impairment is essentially the failure to provide what was offered. If a person cannot access the goods offered, they are of no value or use to the purchaser.

76. Due to Defendant's breach, Plaintiff has suffered damages including costs purchasing the software, costs for monthly access to software she cannot actually access, costs travelling to South Florida for in person training, costs incurred for the in person training, loss of time assisting clients and a resulting loss of income necessary to pay for business expenses including the Defendant's goods and services.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests for judgment against Defendants as follows:

A. A Declaratory Judgment that at the commencement of this action Defendants were in violation of the specific requirements of Title III of the ADA 42 U.S.C. § 12181 *et seq.*, and the relevant implementing regulations of the ADA, for Defendants' failure to take action that was reasonably calculated to ensure that its website is fully accessible to, and independently usable by, hearing-impaired individuals;

B. A preliminary and permanent injunction enjoining Defendants from violating the ADA, 42 U.S.C. § 12181 *et seq.*, with respect to its programs, software, training and services;

C. A preliminary and permanent injunction requiring Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures;

D. An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or 23(b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

E. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, pursuant to 42 U.S.C. § 12188(a)(1);

F. For compensatory damages including, but not limited to, mental anguish, loss of dignity, and any other intangible injuries suffered by the Plaintiff as a result of Defendant's discrimination;

G. For Actual damages including costs paid to Defendant for the goods, services and trainings it offered but in effect did not provide, and costs incurred related to accessing these offered goods and services, including travel expenses;

H. For pre-judgment interest to the extent permitted by law;

I. For costs of suit; and

J. For such other and further relief as this Honorable Court deems just and proper.

Dated this 24th day of September, 2019.

Respectfully submitted,

**The Advocacy Group**
*Attorney for Plaintiff*
200 SE 6th Street, Ste. 504
Fort Lauderdale, FL 33301
Telephone: (954) 282-1858

Service Email: service@advocacypa.com
By */s/ Jessica L. Kerr*
Jessica L. Kerr, Esq.
Fla. Bar No. 92810