UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-62371-KMW

KAYE WILLE, on her own and on behalf
of all other individuals similarly situated,

        Plaintiff,

v.

NEGOTIATION TECHNOLOGIES, LLC
dba PITBULLTAX INSTITUTE,

        Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT
## AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and S.D. Local Rule 7.1, Defendant, Negotiation Technologies, LLC dba PitBullTax Institute ("Defendant" or "PTI"), by and through undersigned counsel, files this motion to dismiss directed to Plaintiff Kaye Wille's ("Wille" or "Plaintiff") Amended Complaint ("Complaint" or "Compl.").

## INTRODUCTION

Plaintiff Wille purports to bring claims against Defendant related to her purported inability to utilize software she licensed from PTI. Plaintiff brings claims pursuant to Title III of the Americans with Disabilities Act ("ADA") and claims that she was unable to use the PTI software because the training videos (available to paying customers), online resources and/or the seminar was not accessible to her due to her alleged hearing impairment. Plaintiff has also asserted an implied-in-fact breach of contract claim directed to Defendant.

## I.     STATEMENT OF BACKGROUND FACTS

PTI is a web-based software designed for Certified Public Accountants, attorneys, enrolled agents and other tax professionals involved in IRS tax resolution work.  Plaintiff[1] purchased a license to use PTI's software in 2014.  Despite her claim that she was unable to utilize PTI's software due to some alleged deficiencies in PTI's online training videos or other training materials, she has renewed her license for PTI's software several times including most recently on **December 9, 2019**[2].  Plaintiff's use of the PTI software is governed by a Software License Agreement.  See Declaration of Irina N Bobrova, attached as Exhibit A.

Plaintiff has put forth essentially three claims in this matter.  First, Plaintiff has asserted claims, pursuant to Title III of the ADA, alleging that PTI's online services related to the software are not accessible to her due to her hearing impairment.  Second, Plaintiff claims that PTI had an ADA obligation to accommodate her hearing impairment at a seminar (despite the fact that Plaintiff never communicated her need for an accommodation and despite the fact that PTI was not on notice that she had a hearing impairment).  Third, Plaintiff has put forward a breach of implied-in-fact contract claim which alleges that PTI had a purported contractual obligation to provide the software and its online services in a more accessible format.

Plaintiff's Complaint fails to state a cause of action for the following reasons.

---

[1] It is not clear, at present, whether the Plaintiff purchased the software license individually or if Plaintiff's corporate entity purchased the software license.  Assuming that the Wille Law Office, LLC purchased the license to PTI's software, Plaintiff lacks standing to assert individual claims.

[2] It defies logic that Plaintiff would claim an inability to use or understand PTI's software yet she would continue to renew her license including renewing her license to PTI's software after filing a lawsuit directed to PTI.

## II.     MEMORANDUM OF LAW

### A.     Standard Of Review.

A court should dismiss a complaint for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Hood v. Perdue, 540 F. Supp. 2d 1350, 1356 (11th Cir. 2008) (citations omitted). While a complaint's factual allegations are presumed true and all reasonable factual inferences must be construed in plaintiff's favor, a court need not accept inferences drawn by plaintiff which are unsupported by the facts set out in the complaint Id. (citations omitted). Neither is the Court required to credit "conclusory allegations and unwarranted deductions of fact." South Florida Water Management Dist. v. Montalvo, 84 F.3d 402, 409 n.10 (11th Cir.1996). Mere "[c]onclusory allegations, unwarranted deductions of fact, or legal conclusions[3] masquerading as facts" without more are legally insufficient to survive a 12(b)(6) motion to dismiss. Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1262 (11th Cir. 2004). Instead, a complaint must "allege some *specific* factual bases for those conclusions" to avoid dismissal. Id. at 1263 (emphasis added).

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the United States Supreme Court clarified the standard for determining whether a complaint is legally sufficient to state a claim. Prior to Twombly, lower courts had traditionally refused to dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly has rejected that standard stating that the "no set of facts" language "has earned its retirement" and "is best forgotten." Twombly, 127 S. Ct. at 1968-69;

---

[3] Legal conclusions are not entitled to the assumption of truth. Price v. Escalante-Black Diamond Golf Club LLC, 2019 WL 1905865 at * 7 (M.D. Fla. April 29, 2019).

see also Iqbal v. Hasty, 490 F.3d 143, 155 (3d Cir. 2007); Friedlander v. Weintraub, 2008 WL

113681, *1 (S.D. Fla. Jan. 8, 2008).  The Twombly Court clarified that while *detailed* factual

allegations still are not required, "a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions," and that "a formulaic recitation

of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964.  Rather, to

survive a Rule 12(b)(6) motion, a complaint's factual allegations must be sufficiently specific "to

raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

Moreover, the Eleventh Circuit permits a party to attach documentation or exhibits to its

motion to dismiss for its consideration under certain circumstances.  See Reynolds v. Gables

Residential Services, Inc., 428 F. Supp. 2d 1260, 1263 (M.D. Fla. 2006); Bryant v. Avado

Brands, Inc., 187 F. 3d 1271, 1281 n. 16 (11th Cir. 1999); Hoffman-Pugh v. Ramsey, 312 F.3d

1222, 1225 (11th Cir. 2002).  The primary consideration of a court, in evaluating whether

particular documents can properly be considered as exhibits to a party's motion to dismiss, is

whether or not the documents are referred to in the plaintiff's complaint, are central or integral to

the plaintiff's claim, and are undisputed.  Reynolds, 428 F. Supp. 2d at 1263, citing Bryant, 187

F.3d at 1281.

B.     **Plaintiff's Claim For Breach of an Implied-in-Fact Contract is Barred by the Express Contract Between the Parties.**

Here, at the time Plaintiff registered for and purchased the license to PTI's software, she

was required to navigate through a series of registration prompts and web pages where she was

required to provide certain information, create login and password credentials and accept and

agree to the terms and conditions of the Software License Agreement[4] ("Agreement").  See

---

[4]  The Eleventh Circuit permits a party to attach documentation or exhibits to its motion to dismiss for its consideration under certain circumstances.  The primary consideration of a court

Exhibit A[5].  Plaintiff would not have been able to access PTI's software and member only online

education videos and support materials without agreeing to be bound by the Agreement.  These

types of agreements are known as a clickwrap[6] end user licensing agreement (also known as an

"EULA").  In Florida and the federal circuit courts clickwrap agreements are valid and

enforceable agreements.  Segal v. Amazon.com, Inc., 763 F. Supp. 2d 1367, 1369 (S.D. Fla.

2011).

Accordingly, Plaintiff's claim for breach of an implied-in-fact contract is barred by virtue

of the express contract between the parties.  Quayside Assoc., Ltd. v. Triefler, 506 So. 2d 6, at *7

(Fla. 3rd DCA 1987) (A fact finder will not imply a contract where a valid express contract

exists.).  As a result, Plaintiff's count two must be dismissed by this Court.

Moreover, the Agreement, that binds the parties, provides that the software that PTI

licensed to Plaintiff and the services covered by the PTI Agreement were provided "**AS IS**" and

all warranties, including merchantability, were disclaimed by PTI.  See Exhibit A.  Plaintiff's

claim that PTI had an obligation to provide its services in some other format is expressly

contradicted by the binding Agreement between the parties.

**C.      Plaintiff's Software and Website Are Not Public Accommodations.**

To establish a claim under Title III of the ADA, Plaintiff must establish that (1) she is

disabled; (2) the Defendant owns, leases, or operates a place of public accommodation; and (3)

---

in evaluating whether particular documents can properly be considered as exhibits to a party's
motion to dismiss is whether or not the documents are referred to in the plaintiff's complaint, are
central or integral to the plaintiff's claim, and are undisputed.  Reynolds, 428 F. Supp. 2d at
1263, citing Bryant, 187 F.3d at 1281.  Here, Plaintiff alleges that she purchased PTI's software,
accordingly the Agreement, and the contractual duties set forth therein, are central to Plaintiff's
claims.  There is no dispute that Plaintiff's purchase of a license to use PTI's software was and is
governed by the Agreement that is attached hereto.

[6] Clickwrap agreements are those in which a software licensee clicks on an "I agree" or "accept"
box after being presented with a list of terms and conditions of use.  Herssein Law Group v.
Reed Elsevier, Inc., 2014 WL 11370411, n. 1 (S.D. Fla., March 5, 2014).

that the Defendant denied the Plaintiff, on the basis of her hearing disability, full and equal enjoyment of the premises.  Price, 2019 WL 1905865 at *3 (citations omitted).  When addressing ADA access claims related to the cyber or online world, there must be some nexus between the alleged online ADA violation and a physical, concrete place of public accommodation.  Id. Further, when analyzing whether there is a nexus between the online world and the physical world, courts distinguish between "an inability to use a website to gain information about a physical location and an inability to use a website that impedes access to enjoy a physical location, with only the latter being sufficient to state a claim."  Id. at * 5 (citations omitted); see also Lucius v. G-III Apparel Group, Ltd., 2019 WL 4850143 at *2 (S.D. Fla., July 29, 2019) ("District Courts within the Eleventh Circuit have 'uniformly held that a website is not a place of public accommodation if it is not connected to a physical place in some way.'")

In Count I of her Complaint, Plaintiff alleges that PTI's software and website is a public accommodation within the definition of Title III of the ADA.  See Compl. at ¶¶ 3, 8, 11, 52. Plaintiff has further alleged that she is not able to access or utilize PTI's software and parts of the website because of her hearing impairment.  However, she does not allege that her inability to use PTI's software or website has somehow impeded her ability to access PTI's physical locations[7] or the goods and services offered therein.  Haynes v. Pollo Operations, Inc., 2018 WL 1523421, at *2-3 (S.D. Fla., March 28, 2018) (Dismissing an ADA complaint wherein plaintiff failed to allege that he attempted to access or even intended to access the defendant's physical locations.)

---

[7] It should be noted that PTI's physical locations are not open to customers.

Because there is no allegation that Plaintiff's inability to use PTI's software and online services impeded her full use and enjoyment of PTI's physical location, her Complaint must be dismissed.

### III.   CONCLUSION

For the foregoing reasons, PTI respectfully requests that Plaintiff's Amended Complaint be dismissed for failure to state a claim upon which relief may be granted.  In addition, PTI requests that Plaintiff be assessed with the costs of this action, and that PTI be awarded its attorneys' fees pursuant to the Agreement between the parties.

FOX ROTHSCHILD LLP
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, FL 33401
Telephone: (561) 804-4417
Facsímile: (561) 835-9602

*By:  s/  Dori K. Stibolt*
Dori K. Stibolt
Florida Bar No. 183611
dstibolt@foxrothschild.com

*Counsel for Defendant Negotiation Technologies, LLC dba PitbullTax Institute*

### CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/  Dori K. Stibolt*

Dori K. Stibolt

**<u>SERVICE LIST</u>**

*United States District Court*
*Southern District of Florida*
Case No. 0:19-CV-62371-KMW

| | |
|---|---|
| Jessica L. Kerr<br>service@advocacypa.com<br>The Advocacy Group<br>200 SE 6th Street, Suite 504<br>Fort Lauderdale, FL 33301<br>Tel:  954/282-1858<br><br>*Attorneys for Plaintiff* | Dori K. Stibolt<br>dstibolt@foxrothschild.com<br>FOX ROTHSCHILD LLP<br>777 South Flagler Drive<br>Suite 1700 West Tower<br>West Palm Beach, FL 33401<br>Tel:  561-835-9600<br>Fax:  561-835-9602<br><br>*Attorneys for Defendant Negotiation Technologies, LLC dba PitbullTax Institute* |